UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARYBETH MCCASKEY,

       Plaintiff,

v.                                       Case No. 8:19-cv-2091-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

       Defendant.

_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.**    **Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 176-77). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 75-102, 105-14). Plaintiff then requested an administrative hearing (Tr. 116-17). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 34-74). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 13-33). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6, 172-75). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g).

**B.      Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1963, claimed disability beginning May 1, 2016, which she later amended to October 1, 2017 (Tr. 73, 176).  Plaintiff obtained a college education (Tr. 196).  Plaintiff's past relevant work experience included work as an accounting manager and as an accountant/payable supervisor (Tr. 67-68, 197).  Plaintiff alleged disability due to chronic neck and back pain, fibromyalgia, bulging ruptured disc, Lyme disease, Epstein Barr virus, and Coxsackievirus (Tr. 195).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2022 and had not engaged in substantial gainful activity since October 1, 2017, the amended alleged onset date (Tr. 18).   After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, chronic pain syndrome, and obesity (Tr. 19).  Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20).  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work, except that Plaintiff could occasionally climb ramps and stairs, stoop, and kneel but never crouch or crawl; must avoid concentrated exposure to extreme cold, heat, and vibrations; and could never be exposed to hazards such as machinery or unprotected heights (Tr. 20).  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 22).   Considering

Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform her past relevant work as an accounting manager and as an accountant/payable supervisor (Tr. 27).  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 28).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

The SSA, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  20 C.F.R. § 404.1520(a)(4)  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.

20 C.F.R. § 404.1520(a)(4)(v).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (*per curiam*) (citation omitted).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Ingram*, 496 F.3d at 1260 (citation omitted).  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by affording little weight to the opinion of Dr. Jose Rivera, Plaintiff's treating physician for pain management from 2016 to 2018.  Plaintiff argues

that the ALJ erred because, in giving partial weight to Dr. Rivera's opinion, the ALJ failed to indicate which portions of Dr. Rivera's opinion she accepted and which portions she rejected. Plaintiff asserts that the ALJ erred by finding that the medical evidence was inconsistent with "extreme limitations" set forth by Dr. Rivera, since the physical examinations and course of treatment support and corroborate the functional limitations Dr. Rivera described. Additionally, Plaintiff argues that the ALJ drew an unwarranted negative inference from evidence that Plaintiff cares for her mother and husband. Finally, Plaintiff contends that the ALJ failed to explicitly address a Functional Evaluation Report, which supports the functional limitations Dr. Rivera indicated in his opinion.

Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, what the claimant can still do despite the impairments, and physical or mental restrictions. 20 C.F.R. § 404.1527(a)(1).[1] When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. § 404.1527. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's

---

[1] This regulation applies to claims filed before March 27, 2017. *See* 20 C.F.R. § 404.1527. Claims filed on or after March 27, 2017 are governed by a new regulation applying a somewhat modified standard for the handling of opinions from treating physicians. *See* 20 C.F.R. § 404.1520c; *see also Schink v. Comm'r of Soc Sec.*, 935 F.3d 1245, 1259 n.4 (11th Cir. 2019). Since Plaintiff filed her claim on June 6, 2016 (Tr. 176-77), 20 C.F.R. § 404.1527 applies.

specialization.  20 C.F.R. § 404.1527(c).  For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive.  20 C.F.R. § 404.1527(c)(3).  Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive.  20 C.F.R. § 404.1527(c)(4).

Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary.  *Crawford*, 363 F.3d at 1159 (citation omitted).  Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  As the Eleventh Circuit recently reiterated, an ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician.  *Schink*, 935 F.3d at 1259 (citation omitted).  The failure to do so constitutes reversible error.  *Id.* (citation omitted).

Here, Dr. Rivera completed a General Impairment Questionnaire in August 2018 based on his treatment of Plaintiff for pain management from 2016 and 2018 and in reliance upon the results of a detailed Functional Evaluation Report of Plaintiff's abilities, which was conducted in April 2018 (Tr. 661-84).  Dr. Rivera opined that Plaintiff suffered from chronic pain from her cervicalgia, lumbago, radiculopathy, spondylosis, and degenerative disc disease (Tr. 681). According to Dr. Rivera, Plaintiff's impairments frequently were severe enough to interfere with the attention and concentration required to perform simple work-related tasks, and the side effects of fatigue, dizziness, somnolence, and mood issues would impact Plaintiff's capacity for work (Tr. 681).  Dr. River further opined that Plaintiff could not walk any city blocks without rest or significant pain and that Plaintiff could sit for five to 10 minutes at a time, could stand

for five minutes at a time, and would need to change positions from sitting, standing, and walking at will (Tr. 681-82).[2]  Dr. Rivera stated that Plaintiff required a cane for balance and prolonged ambulation (Tr. 683).  Beyond the physical limitations, Dr. Rivera indicated that Plaintiff's anxiety and depression would also affect her ability to work at a regular job on a sustained basis (Tr. 683).  Finally, Dr. Rivera stated that Plaintiff would need to take unscheduled breaks during an eight-hour workday and would be absent from work more than three times per month due to her impairments or treatment (Tr. 682).

In rendering her decision, the ALJ considered the opinion of Dr. Rivera and afforded it only partial weight (Tr. 27).  The ALJ agreed with Dr. Rivera's assessment that Plaintiff was limited to sedentary exertion but indicated that nothing in the record supported the extreme limitations described by Dr. Rivera (Tr. 27).  According to the ALJ, Dr. Rivera's restrictions appeared inconsistent with his own treatment notes as well as with Plaintiff's activities, including traveling and caring for both her husband and her mother (Tr. 27).

Plaintiff first contends that the ALJ did not clearly indicate which portions of Dr. Rivera's opinion she accepted and rejected.  Specifically, Plaintiff argues that Dr. Rivera never limited Plaintiff to sedentary work and the ALJ did not specify whether she accepted or rejected Dr. Rivera's specific findings.  With regard to the degree of specificity afforded to the portions of Dr. Rivera's opinion by the ALJ, Plaintiff is correct in noting that the ALJ did not explicitly indicate whether she rejected Dr. Rivera's limitations in standing and walking, the need for extra breaks during the workday, or absenteeism, nor, in fact, any of the other limitations identified by Dr. Rivera.  In the decision, the ALJ correctly noted that Dr. Rivera completed the General Impairment Questionnaire and then listed all of the limitations set forth by Dr. Rivera

---

[2]  Notably, Dr. Rivera left blank the question inquiring as to the total number of hours Plaintiff could sit, stand, or walk in an eight-hour workday (Tr. 682).

therein (Tr. 26).   In considering his opinion, however, the ALJ afforded the opinion "partial weight" and indicated that nothing supported the extreme limitations described by Dr. Rivera, citing inconsistencies with the treatment notes and Plaintiff's activities (Tr. 27).   The ALJ failed, however, to explain which portions of the opinion she found deserved "partial weight" and which portions of the opinion she rejected.   *See Rudd v. Saul*, CASE NO. 1:17-cv-847-SRW, 2019 WL 4784812, at *6 (M.D. Ala. Sept. 30, 2019) ("The ALJ did not explain what is meant by 'partial weight' or how that assignment differs from substantial weight.  Nor is the meaning of this term evident from the context of the ALJ's decision.  Although the ALJ found that 'some aspects' of Dr. Lopez's opinion were consistent with the evidence and accorded his opinion weight to the extent that it was consistent with her RFC determination, the decision does not identify which parts of Dr. Lopez's opinion evidence the ALJ rejected and why.") (internal footnote omitted).  As the court in *Rudd* suggested, although this court could discern from the decision whether the ALJ accepted or rejected a few of the numerous limitations assessed by Dr. Rivera, "it is left to ferret out whether the other limitations were or were not included in the 'partial weight' assigned to this long-term treating [physician's] opinion."  *Id.* Given the failure to state with particularity the weight afforded to Dr. Rivera, remand is required.  *See Schink*, 935 F.3d at 1259.

Plaintiff also sets forth several other arguments, a few of which the Court will address in brief.  First, Plaintiff contends that the ALJ incorrectly indicated that she agreed with Dr. Rivera's finding that Plaintiff could perform sedentary work, but that Dr. Rivera made no such finding.  The ALJ's statement regarding her agreement with the finding by Dr. Rivera that Plaintiff could perform sedentary work, though perhaps not precise, finds some support in the evidence of record.  Dr. Rivera incorporated and referred to the Functional Evaluation Report for his findings regarding Plaintiff's ability to lift and carry in a competitive work situation (Tr.

682).  Indicated in the Summary portion of the Functional Evaluation Report is an evaluation of Plaintiff's strength categorized by physical demand level, as defined by the Dictionary of Occupational Titles (Tr. 678).  With regard to job-related strength and lifting limitations in relation to Plaintiff's lift test results, the results indicated that Plaintiff should perform sedentary work (Tr. 678).  Furthermore, during the administrative hearing, Plaintiff's counsel expressed his belief that either Dr. Rivera limited Plaintiff to sedentary work or a limitation to sedentary work was warranted based on the results of the Functional Evaluation Report (Tr. 40-42).  As Plaintiff contends, however, there does not appear to be an explicit opinion from Dr. Rivera that Plaintiff maintained the ability to perform sedentary work.  To the extent necessary, therefore, the ALJ should clarify this finding upon remand.

Plaintiff next argues that the ALJ drew an "unwarranted negative inference" from evidence that Plaintiff cared for her mother and husband.  As the ALJ indicated, Plaintiff reported that she was a caregiver to her husband, driving him to appointments, and to her mother, traveling to and from New York to provide care (Tr. 25-27, 43-44, 52-55, 420, 424, 616, 643).  Though certainly admirable and commendable, Plaintiff's statements regarding driving her husband to appointments, flying to and from New York, and caregiving for her mother and husband seem to conflict with Dr. Rivera's opinion that Plaintiff could only sit for five to 10 minutes at a time, for example (Tr. 420, 616, 643, 681).  Additionally, in the Pain Disability Questionnaire Portion of the Functional Evaluation Report, upon which Dr. Rivera based his opinion, Plaintiff was asked, on a scale of zero to 10, whether her pain interfered with her travel (Tr. 663).  The low end of the scale indicated she could travel anywhere she liked, and the high end of the scale indicated that she could only travel to see doctors (Tr. 663).  In response, Plaintiff indicated that her pain registered as a nine on the scale, corresponding to the statement that her pain limited her travel only to see doctors (Tr. 663).  Plaintiff's statements

regarding caregiving and travel thus appear to conflict with some of the limitations set forth by Dr. Rivera.  The decision, however, only presents a cursory statement that Dr. Rivera's restrictions are inconsistent with Plaintiff's activities, including traveling and caring for both her husband and her mother (Tr. 27).  Given the reconsideration of Dr. Rivera's opinion upon remand, the ALJ should elaborate upon any inconsistencies between Plaintiff's activities and the restrictions set forth by Dr. Rivera to the extent they are used to discount Dr. Rivera's opinion.

Finally, Plaintiff argues that the ALJ did not discuss the Functional Evaluation Report. The decision reflects that the ALJ considered the Functional Evaluation Report and Dr. Rivera's opinion, which incorporated the findings of the Functional Evaluation Report (Tr. 25, 619-38, 661-77).  The Functional Evaluation Report provided a number of results and findings, but the ALJ discussed only Plaintiff's disability score and impairment levels (Tr. 25, 619-38, 661-80). Though nothing requires the ALJ to discuss all of the results and findings, the decision on remand should demonstrate that the ALJ properly considered the results and findings of the Functional Evaluation Report, especially those incorporated by Dr. Rivera in his opinion.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2.  The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 21st day of September, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record